UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FRIENDS OF AMADOR COUNTY, BEA CRABTREE, JUNE GEARY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KENNETH SALAZAR, SECRETARY OF THE UNITED STATES DEPARTMENT OF INTERIOR, United States Department of Interior, THE NATIONAL INDIAN GAMING COMMISSION, GEORGE SKIBINE, Acting Chairman of the National Indian Gaming Commission, THE STATE OF CALIFORNIA, Arnold Schwarzenegger Governor of the State of California,<br><br>　　　　Defendants.<br>_____/ | NO. CIV. 2:10-348 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO RECONSIDER, VACATE, AMEND OR MODIFY THE ORDER OF DISMISSAL ENTERED BY THE COURT ON 4 OCTOBER 2011</u> |

----oo0oo----

On August 16, 2011, the Buena Vista Rancheria of Me-Wuk Indians (the "Tribe") requested permission to appear specially to present a motion to dismiss based on failure to join a necessary and indispensable party under Federal Rule of Civil Procedure 19.

1

(Docket No. 32.)  On October 4, 2011, the court issued an order dismissing the action.  (Docket No. 62.)  Plaintiffs now move to reconsider, vacate, amend, or modify this court's order of October 4, 2011.

Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the conservation of judicial resources."  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Sch. Dist. No. 1J, Multonomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that reconsideration should only be granted in "highly unusual circumstances").  A motion for reconsideration "should not merely present arguments previously raised, or which could have been raised in the initial . . . motion."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  Sch. Dist. No. 1J, 5 F.3d at 1263 (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)).  Under Rule 60(b), reconsideration is generally only appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  See Westlands Water Dist., 134 F. Supp. 2d at 1131.  Under Rule 59(e),

2

"[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, 5 F.3d at 1263.

A district court may reconsider an order under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment or order). Backlund, 778 F.2d at 1388. Plaintiffs frame their motion as being brought under both Rule 59 and Rule 60.[1] Plaintiffs do not present the court with newly discovered evidence, nor do they present any new caselaw that would constitute an intervening change in controlling law. For the purposes of this motion, all but one of plaintiffs' claims rests on allegations that the court made a "clear error" or a "mistake" in its prior order. The

---

[1] The Ninth Circuit has held that when the moving party does not specify under which rule they bring a motion for reconsideration, it should be treated as a motion under Rule 59(e), rather than Rule 60, if it is filed within ten days of the entry of judgment. See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 899 (9th Cir. 2001). In 2009, Rule 59(e) was amended to change the time for filing a Rule 59(e) motion from ten to twenty-eight days. Plaintiffs' motion for reconsideration was filed within twenty-eight days of the entry of judgment. Thus, if plaintiffs had not specified what rule they were relying on, the court would have applied Rule 59(e).
    The Tribe argues that plaintiffs' motion should be decided under Rule 60(b) because plaintiffs did not specifically mention subpart (e) of Rule 59, (Opp'n to Mot. for Recons. at 3:1-9, n.3), citing Harrington v. City of Chicago, 433 F.3d 542 (7th Cir. 2006), to support its position. The Seventh Circuit in Harrington, however, addressed what rule to apply where the party did not specify either Rule 59 or Rule 60. See Harrington, 433 F.3d at 546. As plaintiffs did specify Rule 59 (although not subpart (e) specifically), and the Ninth Circuit has held that courts should presume that a motion for reconsideration was brought under Rule 59(e) when applicable, Am. Ironworks, 248 F.3d at 899, the court will consider plaintiffs' motion as being raised under Rule 59(e) where appropriate.

3

analysis of these claims would be practically identical under Rules 59(e) and 60(b) because "clear error" and "mistake" require similar showings that the court's prior Order was clearly in error. For only one of plaintiffs' arguments, addressed in subpart B below, does plaintiff appear to specifically rely on the "fraud" factor in Rule 60(b). The court will therefore address plaintiffs' claims under Rule 59(e), see Am. Ironworks, 248 F.3d at 899, with the exception of the one instance where evaluation under Rule 60(b) would be more appropriate.

        The majority of plaintiffs' arguments in support of their motion simply restate their original positions opposing the motion to dismiss and do not raise any new issues or identify errors that would justify reconsideration of the court's Order. The first twenty pages of plaintiffs' motion rehash their version of the historical events leading up to the present suit, (Mot. for Recons. at 5:1-20:18), and another thirteen pages reiterate arguments already repeatedly discussed and decided by the court, (id. at 25:4-37:9). Plaintiffs also spend several pages discussing the principals of Rule 19 and when a party should be determined to be both necessary and indispensable. (Id. at 20:20-24:2.) Plaintiffs do appear to have raised three new issues.[2] The court will address each in turn.

---

[2] In their conclusion, plaintiffs appear to be hinting at a fourth argument – that plaintiffs have a valid challenge under the Administrative Procedure Act ("APA") on the issue of the government's acknowledgment of the Tribe. (Mot. for Recons. at 47:11-17.) This specific challenge is not raised in plaintiffs' complaint, nor did plaintiffs request leave to amend their complaint to add such a challenge. Plaintiffs additionally cite two D.C. Circuit opinions allowing challenges to Department of Interior opinions dealing with Indian tribes under the APA. (See

A.  <u>Public Rights Exception</u>

Plaintiffs raise the public rights exception as a reason why the Tribe was not an indispensable party in this litigation. (<u>Id.</u> at 24:7-25:2.)  Plaintiffs are making this argument for the first time on their motion for reconsideration.[3] A judgment is not intended to be a rough draft for losing parties to take pot shots at.  Arguments raised for the first time in a motion for reconsideration are deemed waived. <u>See</u> <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999) (finding that a district court did not abuse its discretion when it declined to address an issue raised for the first time in a motion for reconsideration).  Nonetheless, the court will address plaintiffs' public rights exception argument.

The public interest exception "provides that when litigation seeks vindication of a public right, third persons who could be adversely affected by a decision favorable to the plaintiff are not indispensable parties." <u>Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Babbitt</u>, 43 F.3d 1491,

---

Mot. for Recons. at 47:18-48:10 (citing <u>Patchak v. Salazar</u>, 632 F.3d 702 (D.C. Cir. 2011); <u>Amador Cnty. v. Salazar</u>, 640 F.3d 373 (D.C. Cir. 2011)).)  In neither of those cases did the court address whether the respective tribe was a necessary and indispensable party.  Other courts have held that dismissal under Rule 19 is necessary, even though the challenge was brought under the APA. <u>See, e.g.</u>, <u>St. Pierre v. Norton</u>, 498 F. Supp. 2d 214, 220-21 (D.D.C. 2007).

[3]   Plaintiffs did cite <u>Makah Indian Tribe v. Verity</u>, 910 F.2d 555 (9th Cir. 1990), in their opposition to the motion to dismiss. (Opp'n to Mot. to Dismiss at 23:18-22.)  However, plaintiffs only raised the case to "mak[e] it clear mere economic interest in the outcome of a case does not make the tribe a necessary party." (<u>Id.</u> at 23:19-22 (citing <u>Makah Indian Tribe</u>, 910 F.2d 555).)  At no point did plaintiffs argue that the court should balance the public interest in the regulation with the tribe's interests in the litigation.

1500 (D.C. Cir. 1995).  "[T]he exception generally applies where 'what is at stake are essentially issues of public concern and the nature of the case would require joinder of a large number of persons.'"  Id. (quoting Sierra Club v. Watt, 608 F. Supp. 305, 324 (E.D. Cal. 1985)).  "[T]he litigation must transcend the private interests of the litigants and seek to vindicate a public right."  Kescoli v. Babbitt, 101 F.3d 1304, 1311 (9th Cir. 1996); see also Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1026 (9th Cir. 2002).

      Plaintiffs do not argue that a large number of parties would need to be joined in this case in order to vindicate the public right, nor do they show that the public interest transcends that of the parties' interests.  The litigation in this case does not incidentally affect the Tribe and its gaming, rather it is aimed directly at the gaming activities of the Tribe.  The public rights exception is therefore inapplicable in this action.

    B.   Misrepresentations of Fact

      Plaintiffs outline six statements that they allege were misrepresentations made by the Tribe in support of its motion to dismiss.  (Mot. for Recons. at 37:11-42:21.)  Plaintiffs appear to be combining the requirements under Rule 59(a)(1)(B) and 59(a)(2) that provide that new trials may be granted based on mistake of fact, with the relief available under Rule 60(b) when the opposing party engages in misrepresentation or misconduct.  As plaintiffs are unable to request a new trial under Rule 59(a) and plaintiffs' arguments appear to be solely based on allegedly fraudulent statements made by the Tribe, the court will presume

6

that plaintiffs are requesting reconsideration based on misrepresentations under Rule 60(b).

In order to prevail on a Rule 60(b) motion based on misrepresentations by the Tribe, plaintiffs must show that "the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). The fraudulent conduct must "not be discoverable by due diligence before or during the proceedings." Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991).

The six alleged misrepresentations made by the Tribe concern issues that go to the very heart of the litigation in this matter. The Tribe's representations regarding the legal status of the Tribe, the tribal lands, or the general legal issues in the case are not fraudulent statements under Rule 60(b). The statements are argumentative positions taken by the Tribe and have been disputed by plaintiffs since the complaint was filed. Plaintiffs were not prevented from presenting their defense, nor were they unable to discover that the Tribe's statements could be disputed prior to their motion for reconsideration.

  C. Alternative Procedural Mechanisms

Plaintiffs briefly present six alternative procedural mechanisms that they claim the court could have used to avoid the outright dismissal of the case due to failure to join a necessary and indispensable party. (Mot. for Recons. at 42:23-45:10.)

7

These alternative mechanisms were not previously presented to the court, despite the fact that they are directly relevant to the Tribe's motion to dismiss based on Rule 19.  Plaintiffs' failure to raise these alternative mechanisms in response to the Tribe's motion to dismiss renders the arguments waived.  See 389 Orange Street, 179 F.3d at 665.  Nonetheless, the court will address plaintiffs' argument.

Plaintiffs' first, fifth, and sixth proposals require either the forced joinder of the Tribe or assume that at some later date the Tribe would voluntarily choose to join the litigation.  (Mot. for Recons. at 43:8-15; 44:3-45:2.) Plaintiffs appear to base these joinder proposals on the fact that the United States is able to bring suit against Indian tribes and therefore could theoretically interplead the Tribe to avoid the Tribe's claims of sovereign immunity.

As the United States has not elected to join the Tribe in this action, plaintiffs' proposal would require the court to order the United States to initiate joinder proceedings against the Tribe.  Plaintiffs fail to provide any support for their suggestion that the court can force the United States to interplead a party, and the court is unable to find direct authority on this question.  The court notes, however, that if plaintiffs' proposal is a viable alternative in Rule 19 proceedings, then cases would never need to be dismissed for failure to join an Indian tribe if the United States is also a defendant in the case.  The Ninth Circuit, however, has found on multiple occasions that an Indian tribe is a necessary and indispensable party that cannot be joined in an action in which

8

the United States is also a defendant.  See, e.g., <u>Rosales v. United States</u>, 73 Fed. Appx. 913, 914 (9th Cir. 2003) (finding that the tribe could not be joined without its consent); <u>Clinton v. Babbitt</u>, 180 F.3d 1081, 1090 (9th Cir. 1999) (same).  Similarly, to the extent that plaintiffs rely on the Tribe deciding to voluntarily join the litigation at some point in the future, what plaintiffs are really asking the court to do is to assume that the Tribe will cede its sovereign immunity, a decision that the Tribe is under no obligation to make.  A viable alternative in a Rule 19 motion cannot stand on such uncertain ground.

Plaintiffs' first, second, fifth, and sixth proposals would have the court decide plaintiffs' summary judgment motion concerning the gaming eligibility of the Tribe's lands, (Docket No. 40), before addressing plaintiffs' tribal organization claims.  (Mot. for Recons. at 43:8-20; 44:8-45:2.)  Plaintiffs appear to believe that splitting the litigation into two parts would lessen the prejudice to the Tribe, allowing the court to determine the eligibility of the Tribe's land for gaming in the Tribe's absence.  The court's determination that the Tribe was a necessary and indispensable party covered all of plaintiffs' claims, including plaintiffs' claim that the Tribe's land is ineligible for tribal gaming.  (<u>See</u> Oct. 4, 2011, Order at 7:21-23 ("This impairs the Tribe's substantial gaming-related interests, including its right under federal law to engage in class III gaming.").)  Splitting the claims or ruling on plaintiffs' summary judgment motion in the Tribe's absence would prejudice the Tribe's protected legal interests and is not an

adequate alternative to dismissal under Rule 19.

Plaintiffs' third proposal appears to suggest that the court send the case back to the Department of Interior and National Indian Gaming Commission so that Crabtree and Geary may attempt to lawfully organize the tribe so that they will be included as tribe members. (Mot. for Recons. at 43:21-44:2.) Plaintiffs' one-sentence description of this proposal lacks citation to any caselaw or statute authorizing the court to pursue this course of action. The proposal also fails to inform the court exactly what this alternative procedure would entail, why plaintiffs would be unable to pursue this alternative after their claims have been dismissed, or how it would protect the Tribe's interests.

Finally, plaintiffs' fourth proposal is that the court should have denied the Tribe's motion to appear specially to force the Tribe to intervene in the case if they wanted the court to rule on the Rule 19 motion. (Id. at 44:3-7.) This proposal in no way serves to protect the Tribe's legal interests, rather it is a merely a way in which the court could have potentially avoided deciding the Rule 19 motion.

Plaintiffs' proposed alternative procedural mechanisms demonstrate a lack of understanding of the concept of a required party under Rule 19. None of plaintiffs' proposed alternatives would lessen the prejudice that the Tribe would suffer while providing plaintiffs adequate relief. None of plaintiffs' six proposals were previously presented to the court during the motion to dismiss and are now laid out in less than two pages. Plaintiffs have not adequately explained how each proposal would

1 function and have failed to respond to the Tribe's objections to
2 the proposals.  Plaintiffs have failed to demonstrate that the
3 court committed clear error in granting the Tribe's motion to
4 dismiss.  Accordingly, the court will deny plaintiffs' motion for
5 reconsideration.

6     IT IS THEREFORE ORDERED that plaintiffs' motion for
7 reconsideration be, and the same hereby is, DENIED.

8 DATED:  December 7, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE